*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

JOHN LINDEMAN,

        Plaintiff/Counterdefendant-Appellee,

v

ANGSTROM TUBULAR SOLUTIONS LLC,

        Defendant/Counterplaintiff-Appellant.

UNPUBLISHED
June 08, 2026
11:32 AM

Nos. 371072; 374240
Oakland Circuit Court
LC No. 2023-198745-CB

Before: TREBILCOCK, P.J., and CAMERON and LIEVENSE, JJ.

PER CURIAM.

These consolidated appeals arise from a jury determining defendant breached its contract with plaintiff by failing to pay him certain bonuses and the trial court sanctioning defendant. We affirm in Docket No. 371072 because defendant did not preserve for our review its contention that the trial court impermissibly questioned a witness. In Docket No. 374240, we reverse and remand for the trial court to conduct further proceedings regarding its sanctioning of defendant for bringing a frivolous counterclaim.

## I. RELEVANT FACTS AND PROCEDURAL HISTORY

Defendant, Angstrom Tubular Solutions LLC, is an automotive parts supplier and hired plaintiff, John Lindeman, in 2021 to be a plant manager at its Ortonville facility. In addition to his base salary, plaintiff's employment agreement provided that he was eligible for an annual bonus, retirement contributions, and three weeks of vacation. To calculate his annual bonus, the parties agreed to tie his bonus eligibility to defendant's "EBITDA," the "Earnings Before Interest, Tax, Depreciation, and Amortization" accounting profitability metric.

Plaintiff's employment was short-lived due to a dispute concerning his 2021 and 2022 bonuses. In his eyes, defendant wrongfully withheld a bonus in 2021 and then shorted his 2022 bonus by nefariously adjusting downward its EBITDA calculations. Defendant disagrees, claiming plaintiff was relying on preliminary—and not final—EBITDA calculations. Plaintiff resigned in early 2023, and then commenced this breach-of-contract action seeking to recover the value of those bonuses: $38,000. Defendant counterclaimed for unjust enrichment (among other things), asserting it erroneously paid plaintiff $25,000 in unearned salary and an $18,000 bonus in

2022, and that plaintiff was required to pay back about $5,000 in used but not accrued vacation time.

After a three-day trial, a jury (1) concluded defendant breached its employment agreement with plaintiff, (2) awarded $38,000 in damages, and (3) found defendant's counterclaim without merit. Plaintiff then moved for sanctions under MCR 1.109(E) and MCL 600.2591, asserting defendant's unjust enrichment counterclaim was frivolous. The trial court granted the motion "for the reasons stated" in plaintiff's motion and brief, and later calculated that attorneys-fees sanction at $48,940.

Defendant appeals by right in these consolidated appeals. In Docket No. 371072, defendant contends the trial court impermissibly questioned defendant's witness by attacking his credibility and thus engaged in judicial misconduct that deprived defendant of a fair trial. In Docket No. 374240, defendant appeals the trial court's sanctioning of defendant for filing a counterclaim, challenging both the decision to impose sanctions and the amount imposed. We address each in turn.

## II. TRIAL COURT'S QUESTIONING OF WITNESSES (DOCKET NO. 371072)

The Michigan Rules of Evidence permit a trial court to "examine a witness regardless of who calls the witness." MRE 614(b). "[T]he central object of judicial questioning should be to clarify"—"to produce fuller and more exact testimony or elicit additional relevant information." *People v Stevens*, 498 Mich 162, 173; 869 NW2d 233 (2015). But in so doing, a trial court may not permit its "own views on disputed issues of fact to become apparent to the jury," like exhibiting "disbelief of a witness, intentionally or unintentionally." *Id.* at 174 (quotation marks and citation omitted).

That is what defendant claims on appeal the trial court did by taking "over the questioning" and asking credibility-driven queries of defendant's only witness, Rajneesh Banga. Defendant cannot avoid, however, that MRE 614(c) also provides that "[a] party may object to the court's . . . examining a witness either at the time or at the next opportunity when the jury is not present." Defendant did neither. Having failed to raise the propriety of the trial court's questioning below, defendant did not preserve this issue for our review. See *Tolas Oil & Gas Exploration Co v Bach Servs & Mfg, LLC*, 347 Mich App 280, 289-290; 14 NW3d 472 (2023). Upon examining the trial court's questioning through the "heavy presumption of judicial impartiality," see *Cain v Mich Dep't of Corrections*, 451 Mich 470, 497; 548 NW2d 210 (1996), and also noting the trial court gave a curative instruction that "nothing I say is meant to reflect my opinions about the facts of this case," see *Zaremba Equipment, Inc v Harco Nat Ins Co*, 302 Mich App 7, 25; 837 NW2d 686 (2013) (noting the import of curative instructions), the trial court's probing questioning of Banga that brought out some inconsistencies in his testimony did not rise to the level of a manifest injustice requiring us to set aside defendant's failure to follow the raise-or-waive rule, see *Tolas Oil*, 347 Mich App at 289-290.

### III. COUNTERCLAIM SANCTION (DOCKET NO. 374240)

Defendant additionally takes issue with the trial court finding its unjust enrichment claim frivolous, for which the trial court sanctioned defendant $48,940 in attorneys' fees under MCL 600.2591(1) and MCR 1.109(E).

MCL 600.2591(1) provides that "[u]pon motion of any party, if a court finds that a civil action or defense to a civil action was frivolous, the court that conducts the civil action shall award to the prevailing party the costs and fees incurred by that party in connection with the civil action by assessing the costs and fees against the nonprevailing party and their attorney." A civil action or defense is frivolous where "[t]he party's primary purpose . . . was to harass, embarrass, or injure the prevailing party," MCL 600.2591(3)(a)(*i*); see also MCR 1.109 (governing the filing of frivolous documents), even if otherwise supported by facts and law, see *New Covert Generating Co, LLC v Covert Twp*, 334 Mich App 24, 96-97, 964 NW2d 378 (2020).

"This Court reviews for clear error a trial court's finding that a civil action was frivolous." *Tolas Oil*, 347 Mich App at 319. If "a trial court finds that an action was brought for an improper purpose, this Court must defer to the trial court's superior position to judge the parties and the evidence." *Id*. at 321. But that deference does not insulate a trial court's perspective from review: "A trial court must articulate a sufficiently clear basis for its decision to allow this Court to review the finding for clear error." *Id*. If it fails to do so, we must vacate the sanctions order and "remand for appropriate findings" even if frivolity is "fairly apparent from the record." *Home-Owners Ins Co v Andriacchi*, 320 Mich App 52, 79; 903 NW2d 197 (2017).

After the jury no-caused defendant's counterclaim, plaintiff moved for sanctions under MCR 1.109(E) and MCL 600.2591. He asserted defendant brought the counterclaim for an improper purpose and that it was not factually supported at trial, as well as that the counterclaim was frivolous "as a sanction" for defendant violating a court order compelling production of plaintiff's personnel file. The trial court denied the motion without prejudice after a hearing, reasoning it wanted the matter more fully briefed upon completion of the trial transcripts.

Plaintiff eventually renewed the motion with no material change. After another hearing in which the parties argued the motion in more detail with the benefit of the trial transcripts, the trial court took the matter under advisement. One day later, the trial court issued the following order: "For the reasons stated in the plaintiff's motion and brief, plaintiff's renewed motion for sanctions against defendant for filing and pursuing a frivolous counterclaim is granted."

That falls short of "articulat[ing] a sufficiently clear basis" to afford appellate review. *Tolas Oil*, 347 Mich App at 321. Plaintiff's motion offered several alternative reasons for why the trial court should impose sanctions. By adopting that motion, without more, it is "impossible to ascertain whether the trial court clearly erred in finding the [counterclaim] frivolous." *Home-Owners Ins Co*, 320 Mich App at 79. For example, we cannot discern what aspect of the counterclaim the trial court determined supported an improper-purpose finding. Nor can we tell how—if at all—the trial court applied "the objective standard considering the circumstances concerning the claim *at the time it was asserted*." *Tolas Oil*, 347 Mich App at 321 (emphasis added). And we are left to our own devices as to what the import is, if any, of defendant's failure to provide certain documents during discovery, including whether that failure supported

sanctions—plaintiff did not move for those sanctions under MCR 2.310, but offers that failure here as an independent reason supporting affirmance.

We thus remand for the trial court to articulate on the record or in a written opinion why defendant's counterclaim was frivolous.

## IV. CONCLUSION

For these reasons, we affirm in Docket No. 371072, and reverse and remand for further proceedings in Docket No. 374240. We do not retain jurisdiction.

/s/ Christopher M. Trebilcock
/s/ Thomas C. Cameron
/s/ Andrew J. Lievense